1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY WILLFORM, et al.                No.  1:20-cv-00989-DAD-SAB

12              Plaintiffs,

13        v.                                 ORDER DENYING PLAINTIFFS' MOTION
                                             TO REMAND
14   CITY OF CERES, et al.
                                             (Doc. No. 12)
15              Defendants.

16

17       This matter is before the court on a motion to remand brought by plaintiffs Timothy

18   Willform and Deneane Beaulieu.  (Doc. No. 12.)  Pursuant to General Order No. 617 addressing

19   the public health emergency posed by the coronavirus pandemic, on August 17, 2020, the court

20   took this matter under submission to be decided on the papers.  (Doc. No. 14.)  For the reasons set

21   forth below, the court will deny plaintiff's motion to remand.

22                              **BACKGROUND**

23       Plaintiffs commenced this civil rights action brought pursuant to 42 U.S.C. § 1983 in

24   Stanislaus County Superior Court on February 18, 2020, asserting violations under the Fourth,

25   Fifth, Eighth and Fourteenth Amendments, as well as various state law claims.  (Doc. No. 2-1.)

26   On July 16, 2020, Defendants removed the case to this federal court on the basis of federal

27   question jurisdiction.  (Doc. Nos. 1, 2.)

28   /////

1    On August 14, 2020, plaintiffs filed a motion to remand, arguing that defendants' July 16,

2    2020 notice of removal was untimely, asserting that defendant City of Ceres was served with the

3    summons and complaint on June 5, 2020, and defendants Brian Petersen and Kiashira Ruiz were

4    served on June 8, 2020.  (Doc. No. 12 at 1–2.)  Plaintiffs also seek attorneys' fees incurred as a

5    result of the removal pursuant to 28 U.S.C. § 1447(c).  (*Id*. at 4.)  On August 31, 2020, defendants

6    filed their opposition to the motion, arguing service of the complaint was never properly effected.

7    (Doc. No. 15.)  On September 8, 2020, plaintiffs filed their reply thereto.  (Doc. No. 16.)

8                                  **LEGAL STANDARD**

9    A suit filed in state court may be removed to federal court if the federal court would have

10   had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

11   originally filed in state court presents a federal question or where there is diversity of citizenship

12   among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

13   1332(a).  A federal court must reject jurisdiction and remand the case to state court if there is any

14   doubt as to the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

15   1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

16   The thirty-day removal deadline set forth in 28 U.S.C. § 1446(b) "is mandatory such that a

17   timely objection to a late petition will defeat removal."  *Kuxhausen v. BMW Fin. Servs. NA LLC*,

18   707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (internal citation omitted); *see also Babasa v.*

19   *LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this

20   thirty-day window, it is untimely and remand to state court is therefore appropriate.").

21   The start of the time period during which a defendant may remove an action is "triggered

22   by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

23   service or otherwise,' after and apart from service of the summons, but not by mere receipt of the

24   complaint unattended by any formal service."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

25   U.S. 344, 347–48 (1999).  When defendants are served at different times, each defendant has

26   thirty days in which to remove an action.  28 U.S.C. § 1446(b)(2)(C).  Receipt by the actual

27   defendant, or a defendant's designated recipient, is required to start the running of the thirty-day

28   /////

2

1   removal deadline.  *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1127 (9th Cir.

2   2019).

3                                    **RELEVANT FACTS**

4          Here, the parties dispute what occurred when plaintiffs' registered process server David

5   Van Etten attempted service on each of the defendants.  The court briefly summarizes the parties'

6   positions, and the declarations they have submitted below.

7          1.        Service attempted on defendant City of Ceres on June 5, 2020

8          Plaintiffs have submitted the declaration of process server Van Etten in which he declares

9   as follows.  On June 5, 2020, at approximately 10:05 a.m., he knocked on the doors of the offices

10   of the City of Ceres, which were not open to due to the ongoing coronavirus pandemic.  (Doc.

11   No. 12-1 at ¶ 2.)  A woman answered the door, and Van Etten identified himself and indicated he

12   was there to serve the City of Ceres with a summons and a complaint.  (*Id.*)  The woman

13   responded she would get someone, after which Leticia Dias came to the office door, and,

14   according to Mr. Van Etten, he again indicated he was there to serve the City of Ceres with a

15   summons and a complaint.  (*Id.*)  He then he asked if she was authorized to accept service on

16   behalf of the City of Ceres, and it was only after Ms. Dias confirmed she was so authorized, that

17   he handed her the complaint, summons, civil cover sheet, and notice of case management

18   conference.  (*Id.*)

19          In their response, defendants have provided declarations from Ms. Dias and Shirley

20   Ventura, the Human Resources Technician for the City of Ceres.  (Doc. No. 15 at 7–9.)  Ms. Dias

21   declares as follows.  She is not authorized to accept service of process, and she was not told she

22   was being served a lawsuit against the City and she did not know what documents she was

23   accepting.  (*Id.* at 7, ¶¶ 2, 3.)  According to Ms. Diaz, on June 5, 2020, neither the City Clerk nor

24   Ms. Ventura were at City Hall.  (*Id.*)  Ms. Diaz is a Finance Manager for the City, unfamiliar with

25   litigation, but she recognized that the papers might relate to a legal issue, so she placed the papers

26   on the desk of Ms. Ventura, who she knew was familiar with such matters.  (*Id.* at 7, ¶ 3.)  Ms.

27   Ventura confirms in her declaration that she was not in the office on June 5, 2020, and did not

28   return to the office until June 25, 2020 when she first discovered the summons and complaint for

                                              3

1    this action.  (*Id*. at 8, ¶¶ 4, 5.)  She states that on June 25, 2020, she forwarded the documents to

2    the City's adjusting firm with a request for legal representation.  (*Id*.)  Ms. Ventura asserts that

3    only the City Clerk is authorized to accept service of claims, subpoenas, and summonses on

4    behalf of the city, but she is authorized to accept those documents when the City Clerk is out of

5    the office.  (*Id*. at 8, ¶ 3.)  She asserts all other employees of the City are trained not to accept

6    such documents.  (*Id*.)

7           2.      Service attempted on the officer defendants on June 8, 2020

8           Process server Van Etten also states in his declaration as follows.  On June 8, 2020 at

9    approximately 9:30 a.m., he went to the City of Ceres Police Department to serve the complaint

10   on Officers Coey Henson,[1] Brian Petersen, and Kiashira Ruiz.  (Doc. No. 12-1 at ¶ 3.)  Mr. Van

11   Etten informed Patricia Jackson, who was working at the front window, that he had a summons

12   and a complaint for the officers and he handed her a copy of the complaint, summons, civil cover

13   sheet, and notice of case management conference.  (*Id*.)  He then asked if she was authorized to

14   accept service on behalf of each of the officer defendants.  (*Id*.)  According to Van Etten, Ms.

15   Jackson informed him she was authorized to accept service on behalf of Officer Petersen and

16   Officer Ruiz, but she could not accept service on behalf of Officer Henson because he no longer

17   was employed by the Ceres Police Department.  (*Id*.)  Thereafter, Mr. Van Etten handed Ms.

18   Jackson a second copy of the complaint, summons, civil cover sheet, and notice of case

19   management conference so that each officer would have their own copy.  (*Id*.)  Mr. Van Etten has

20   served summons and complaints on officers in this manner in the past, and it is his experience

21   that a person at the police department will have the authority to accept service on behalf of the

22   police officer because normally police departments will not bring an officer to accept service at

23   the police department nor will they provide the home address of an officer.  (*Id*. at ¶ 4.)  He

24   further states that it is his practice to always ask the person at the police department if they are

25   authorized to accept service on behalf of the police officer and that is what he did in this instance

26   at the Ceres Police Department.  (*Id*.)

27   
_____

28   [1]  On August 13, 2020, plaintiff voluntarily dismissed defendant Coey Henson from this action.
     (Doc. Nos. 9, 11.)

1       In her declaration submitted by defendants, Ms. Jackson responds as follows.  Ms.

2 Jackson is authorized to accept service of subpoenas for individual officers, so she can assist with

3 scheduling, but she is not authorized to accept service of civil lawsuits on the officers' behalf.

4 (Doc. No. 15 at 10, ¶ 2.)  On June 5, 2020,[2] a man had approached the front counter while she

5 was working and handed her papers for Officers Ruiz and Peterson without explanation and she

6 never indicated to the man that she was authorized to accept service for either officer.  (*Id*. at ¶ 3.)

7 She is not aware that any copies of the summons or subpoenas were ever mailed to the Ceres

8 Police Department.  (*Id*.)

9 **DISCUSSION**

10 **A.      The Timeliness of Defendants' Removal**

11       Here, the parties do not dispute that the court has subject matter jurisdiction over this

12 action pursuant to 28 U.S.C. § 1331 by virtue of plaintiffs' federal claims.  It is only disputed

13 whether defendants' removal of this action to this federal court was timely under 28 U.S.C.

14 § 1446(b).

15       Plaintiffs argue that because representatives for the City and at the police station agreed to

16 accept service, that even if that service were improper, pursuant to § 1446, the thirty-day removal

17 period begins to run upon "receipt by the defendant, through service *or otherwise*, of a copy of an

18 amended pleading, motion, order or other paper" that provides the grounds for removal.  28

19 U.S.C. § 1446(b) (emphasis added).  (Doc. No. 12 at  3–4.)  Plaintiffs assert that here the time

20 within which defendants' could remove this action began to run when a representative for

21 defendants received the complaint, even if defendants deny that they were formally served.  (*Id*.

22 at 4.)  Defendants respond that the Supreme Court has expressly foreclosed the "or otherwise"

23 language of § 1446 to cause the starting of the "30-day removal clock" until service has been

24 properly made.  (Doc. No. 15 at 2) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

25 344 (1999)).

26 /////

27

28  [2]  This appears to be a reference to June 8, 2020 when service of process was attempted.

1    The Supreme Court has held that mere receipt of a complaint and summons does not

2   trigger the start the running of the time for a defendant to timely remove an action to federal

3   court. *Murphy Bros.*, 526 U.S. at 347–48.  In *Murphy Brothers*, the Court outlined that this

4   language was added in 1949 to ensure defendants in all states had adequate time to access the

5   complaint because in certain states, such as New York, an action can be commenced by service of

6   the summons prior to filing the complaint. *Id*. at 351.  In those states, it may have been possible

7   for the removal time period to expire prior to the defendant having ever received the complaint.

8   *Id*. at 351–52.  The Supreme Court made clear that this amendment was not intended to do away

9   with the requirement that a defendant be properly served:

10            Nothing in the legislative history of the 1949 amendment so much
              as hints that Congress, in making changes to accommodate atypical
11            state commencement and complaint filing procedures, intended to
              dispense with the historic function of service of process as the
12            official trigger for responsive action by an individual or entity
              named defendant.
13

14   *Id*. at 353–4.  In light of this holding in *Murphy Brothers,* plaintiffs' argument that the removal

15   clock began running when the documents were received must be rejected because the law

16   requires proper service.  Here, this action was removed on July 16, 2020.  Therefore, the sole

17   question before the court is whether service was effected within the 30-day period starting on

18   June 16, 2020.

19            Because this action was originally filed in California state court, in answering this

20   question the court looks to whether or not defendants were properly served under California law.

21   *McGuinn v. City of Sacramento Police Dep't*, No. 2:13-cv-00740-JAM, 2013 WL 3804051, at *2

22   (E.D. Cal. July 19, 2013) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)) ("As

23   suit was filed in state court, state law governs when effective service occurred.").  Based on the

24   facts presented, the court need not determine precisely what was said or occurred at each of the

25   service attempts because even if plaintiffs' assertions are accepted as true, the officer defendants

26   were not properly served.

27            California affords multiple ways to serve summons on individuals.  *See* Cal. Civil Code

28   §§ 415.10 *et seq.*  "A summons may be served by personal delivery of a copy of the summons and

6

1  of the complaint to the person to be served." Cal. Civil Code § 415.10.  Service of a summons in

2  this manner is deemed complete at the time of delivery.  (*Id.*)  In lieu of personal delivery, it is

3  also possible to serve a copy of a summons and complaint to the person to be served "by leaving a

4  copy of the summons and complaint during usual office hours . . . with the person who is

5  apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by

6  first-class mail, postage prepaid to the person to be served at the place where a copy of the

7  summons and complaint were left." Cal. Civil Code § 415.20(a).  Service effected in this manner

8  is deemed complete on the tenth day after mailing.  Cal. Civil Code § 415.20(b).

9        Plaintiffs' argument that valid service on officer defendants Ruiz and Peterson took place

10  on June 8, 2020 is not persuasive.  In this regard, plaintiffs appear to claim, and the executed

11  summonses state, that the officer defendants were personally served by delivery of the documents

12  "to the party or person authorized to receive service of process for the party . . .." (Doc. Nos. 8,

13  10.)  However, California law does not allow an individual to accept service by another person in

14  this manner, nor do plaintiffs cite to any provision authorizing this type of service.  Plaintiffs also

15  fail to convincingly argue that service was achieved pursuant to § 415.20, because even though it

16  would have been proper to leave the documents at the police department, plaintiffs do not even

17  suggest that they subsequently mailed the documents to defendant officers Ruiz or Peterson at the

18  Ceres Police Station, nor do the executed summonses reflect the required mailing.  (*See* Doc. Nos.

19  12, 12-1, 8, 10.)  Thus, it is essentially undisputed that the officer defendants were never properly

20  served in this action.

21        As such, the thirty-day time limit for removal under 28 U.S.C. § 1446(b) had not run by

22  the time the officer defendants filed the notice of removal.  When defendants are served at

23  different times, each defendant has thirty days in which to remove an action, and "any earlier-

24  served defendant may consent to the removal even though that earlier-served defendant did not

25  previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).  Thus, regardless of

26  whether the City of Ceres was properly served, the notice of removal filed by the officer

27  defendants was not untimely, and the City of Ceres would have been authorized to join in the

28  removal in either instance.

1    Accordingly, the court will deny plaintiffs' motion to remand because defendants' notice

2   of removal was not untimely.

3   **B.      Plaintiffs' Request for Attorneys' Fees**

4    Because defendants' notice of removal was not untimely, plaintiffs are not entitled to

5   attorneys' fees under 28 U.S.C. § 1447(c).

6                                     **CONCLUSION**

7    For the reasons set forth above, plaintiffs' motion to remand (Doc. No. 12) is denied.

8   IT IS SO ORDERED.

9    Dated:   **April 12, 2021**                                                    

10                                         UNITED STATES DISTRICT JUDGE