UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILLFORM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CERES, et al.,<br><br>Defendants. | No. 1:20-cv-00989-DAD-SAB<br><br>ORDER GRANTING IN PART MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT<br><br>(Doc. No. 5) |

     This case is before the court on a motion to dismiss and for a more definite statement brought by defendants City of Ceres, Brian Petersen, and Kiashira Ruiz.[1] (Doc. No. 5.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court took this matter under submission for decision on the papers on July 20, 2020. (Doc. No. 6.)[2] For the reasons set forth below, the court will grant defendants' motion to dismiss.

---

[1] The motion was also brought by defendant Coey Henson; however, on August 13, 2020, defendant Coey Henson was voluntarily dismissed by plaintiff from this action. (Doc. Nos. 9, 11.)

[2] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

**BACKGROUND**

Plaintiffs Timothy Willform and Deneane Beaulieu, proceeding with counsel, commenced this civil rights action brought pursuant to 42 U.S.C. § 1983 and § 1985 in Stanislaus County Superior Court on February 18, 2020, asserting violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, a violation of California's Civil Rights Act, as well as a claim of conspiracy related to the alleged constitutional violations. (Doc. No. 2-1.) On July 16, 2020, Defendants removed the case to this federal court. (Doc. Nos. 1, 2.)

In their complaint, plaintiffs allege the following.[3] On January 19, 2019, defendants, the City of Ceres Police Department, Officers Brian Peterson and Coey Henson, and other as-yet unknown officers, went to plaintiff Timothy Willform's residence in the City of Ceres without a warrant, "forcibly seized" plaintiff Willform, and searched his person and clothing. (Doc. No. 2-1 at ¶ 8.) Defendants later searched plaintiff Willform's home but no illegal or prohibited items were found. (*Id.* at ¶ 12.) Plaintiffs allege that defendants lacked probable cause or reasonable suspicion to take any of those actions, though plaintiffs also allege that Officers Peterson and Henson indicated the reason for their actions was that plaintiff Willform was believed to have used a pipe to smoke methamphetamine. (*Id.* at ¶ 8.)

Plaintiff was transported to Stanislaus County jail. (*Id.* at ¶ 13.) During the booking process, a deputy sheriff searched the jacket that plaintiff Willform had been wearing and found tiny shards of material that defendant Officer Peterson claimed were methamphetamine. (*Id.*) Plaintiffs assert that that instead of charging Willform with a violation of California Health & Safety Code § 11364, or arresting him on an outstanding warrant from Santa Clara County, either of which would have resulted in a release and a citation to appear at a future court date, plaintiff Willform was charged with felony violations of Penal Code §§ 4573.5 and 4573.6, which meant he would be held on a high bail preventing him from being released from custody. (*Id.*) Plaintiffs claim that defendant Peterson's decision to add felony charges was done for the purpose

---

[3] The court will not provide a comprehensive or exhaustive summary of the allegations of plaintiffs' complaint, which are somewhat difficult to decipher. Rather, the court summarizes only plaintiffs' allegations that are relevant to the court's analysis set forth in this order.

of harming and damaging plaintiff Willform, and as a means of punishing him. (*Id.*) Plaintiff Willform was confined in Stanislaus County jail from January 19, 2019 until January 23, 2019, when he was released on his own recognizance. (*Id.* at ¶ 14.) On March 4, 2019, all charges against plaintiff Willform were dismissed. (*Id.* at ¶ 14.)

Plaintiff Deneane Beaulieu alleges as follows. On January 19, 2019, she was stopped by an unknown City of Ceres police officer at Smyrna Park in the City of Ceres and ordered by that officer to go to her home, which she shares with plaintiff Willform.[4] (*Id.* at ¶¶ 17–18.) Plaintiff Beaulieu obeyed the officer's order, returned to her home where she states there was a large police presence that scared her children, and that she was subsequently detained and arrested. (*Id.* at ¶¶ 18–20.) Plaintiff Beaulieu asserts that the reason she was arrested was because of a report prepared by defendant Kiashira Ruiz containing unsubstantiated allegations that plaintiff Beaulieu had misappropriated funds that were to be used to purchase uniforms for a girls' cheering leading team. (*Id.*) Beaulieu was questioned extensively by police but was not advised of her *Miranda* rights until after her arrest. (*Id.* at ¶¶ 21–23.) After her arrest, plaintiff Beaulieu was confined in Stanislaus County jail from January 19, 2019 until January 20, 2019, on which date she was released on bail. (*Id.* at ¶ 24.) In February 2019, all charges brought against plaintiff Beaulieu were dismissed. (*Id.*)

On July 17, 2020, defendants filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 5.) In lieu of filing a responsive brief to the pending motion, on August 12, plaintiffs filed a notice of voluntary dismissal of defendant Coey Henson (Doc. No. 9) and on August 14, 2020, plaintiffs filed a motion to remand (Doc. No. 12). In plaintiffs' motion to remand, counsel for the plaintiffs also states he was unable gain admission to the United States Court for the Eastern District of California until August 11, 2020. (Doc. No. 12 at 2–3.) However, in the long period of time after his admission to the bar of this court, plaintiffs' counsel

/////

---

[4] Plaintiffs allege that this order was at the direction of Officers Peterson, Henson, and the other officers who conducted the search of plaintiff Willform at the home. (*Id.*)

1  has not requested any extension of time in which to respond to the pending motion to dismiss or
2  for a more definite statement.  Defendants did not file a reply.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court may consider material which is properly submitted as part of the complaint, as well as documents that are not physically attached to the complaint if

their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

In their pending motion defendants challenge only plaintiffs' second and fourth causes of action. The court will address each in turn below.

**A.   Plaintiffs' Claim for an Alleged Violation of the California Civil Rights Act (Claim 2)**

Defendants argue that plaintiffs' state law claims brought under the California Civil Rights Act should be dismissed as thus time-barred because plaintiffs have not alleged their compliance with the California Tort Claims Act. (Doc. No. 5 at 3.)

The court agrees that plaintiffs did not allege their compliance with the government tort claims act. Under California law, plaintiff's failure to file a timely claim under the Tort Claims Act deprives this court of jurisdiction to hear those claims. *See Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224–25 (E.D. Cal. 2009) ("Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of action against a public entity."); *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1173 (E.D. Cal. 2005) ("If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action."). Exhaustion is also required for actions brought against public employees, since a claim may not be brought against a public employee for injuries caused within the scope of her employment if such an action would be barred against her employer. *See* Cal. Gov't Code § 950.2; *Williams v. Alcala*, No. 1:17-cv-00916-DAD-SAB, 2018 WL 4039954 (E.D. Cal. Aug. 22, 2018).

Accordingly, because plaintiffs have failed to allege their compliance with the California Tort Claims Act, their Act claim asserting a violation of their civil rights under the California Constitution will be dismissed with leave to amend to the extent that compliance can be alleged in good faith.

**B.   Plaintiffs' Claim for Conspiracy (Claim 4)**

In their pending motion, defendants argue that plaintiffs' fourth cause of action, which purports to assert a claim of conspiracy to violate their rights under the Fourth, Fifth, Eighth, and

5

Fourteenth Amendments to the U.S. Constitution, should be dismissed for several reasons. (Doc. No. 5 at 4.)

First, defendants argue that neither the Fifth nor Eighth Amendments apply under the facts alleged in plaintiffs' complaint. (*Id.* at 4–5.) Defendants contend that the Fifth Amendment does not apply because such a claim can only arise when any allegedly improperly obtained statements are used against the declarant, and here the criminal charges brought against plaintiffs were dismissed. (*Id.*) Defendants further contend that the Eighth Amendment cannot be invoked because there are no allegations relating to this amendment in the complaint and because the Supreme Court has made clear the Fourteenth Amendment, not the Eighth Amendment, applies to pretrial detainees. (*Id.*) Second, defendants assert that a separate cause of action for conspiracy does not exist under California state law. (*Id.* at 5.) Third, defendants argue that plaintiffs' conspiracy claim has not been alleged with the requisite level of specificity. (*Id.* at 5–6.)

Based on the facts alleged in plaintiffs' complaint, neither the Fifth nor the Eighth Amendments appear to be properly invoked. The court also concludes that plaintiffs' allegations in support of their conspiracy claim are insufficient to state a cognizable claim against defendants. The Fifth Amendment would not appear to apply here because all charges were allegedly dismissed, and thus no statements made by the plaintiffs were used against them. Defendants are correct that the Eighth Amendment itself does not apply to pretrial detainees. *See Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."). Plaintiffs have made only the barest of allegations regarding coordination among the named defendants in their complaint and from those allegations it remains unclear the means through which any alleged conspiracy was conducted or what end it sought, if any.

However, the court is perplexed by defendants' argument that a separate cause of action for conspiracy does not exist under California state law. Plaintiffs do not appear to allege a conspiracy claim under California law.

/////

Accordingly, plaintiffs' fourth cause of action alleging a conspiracy to violate their rights under the U.S. Constitution will be dismissed with leave to amend.

**C.     Defendants' Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e)**

Because the court will grant defendants' motion to dismiss, defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is rendered moot and need not be addressed.

**CONCLUSION**

For the reasons explained above,

1. Defendants' motion to dismiss and for a more definite statement (Doc. No. 5) brought on behalf of defendants City of Ceres, Brian Petersen, and Kiashira Ruiz is granted in part as follows:

    a. Plaintiffs' second and fourth causes of action are dismissed with leave to amend; and

    b. Defendants' motion for a more definite statement is denied as moot;

2. If plaintiffs wish to amend their complaint in an attempt to cure any of the deficiencies authorized by this order, plaintiffs are directed to file with the court an amended complaint no later than twenty-one (21) days of service of this order;[5] and

3. In the event no amended complaint is filed, defendants shall file their answer to the remaining causes of action within fourteen (14) days of the date by which any amended complaint was to have been filed.

IT IS SO ORDERED.

Dated:   **June 9, 2021**                           _Dale A. Drozd_
                                                    UNITED STATES DISTRICT JUDGE

---

[5] If plaintiffs elect to file an amended complaint, they are reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim must be sufficiently alleged.